This matter comes before the court to set aside a finding of sanity in lunacy respecting Albert J. Gleason.
Mr. Gleason's wife made the application for a commission. This commission was addressed to Edward R. McGlynn, Esq., *Page 434 
Dr. Walter S. Washington and Simeon H. Rollinson as commissioners. A jury of twenty-four men was called. The case was heard under the jurisdiction of the commissioners for five days. The master commissioner charged the jury correctly as to the law, and the jury unanimously returned the verdict that the alleged lunatic was sane.
Believing the matter was of great importance, and rather unusual, I asked Vice-Chancellor Backes to sit with me, and he was kind enough to do so.
In the first place, an effort has been made to show an ulterior motive on the part of the wife to declare her husband a lunatic, and counsel for the petitioner objects to such a statement, and says that the only motive is to protect the defendant from what eventually will be insanity.
I cannot see that there is anything much to be criticised in counsel's effort to bring out motive. It may be that he, in his interest for his client, stressed the wife's attitude, remarks, and so forth, but these things were, in the last analysis, for the jury to decide.
The cases hold that in such situations the court must be satisfied that the verdict of the jury is clearly against the weight of the evidence.
I have considered the testimony carefully, and I find that, whereas there was evidence that Mr. Gleason had done very peculiar things, there was also evidence that, after his collapse, he recovered and became normal.
The jury was presented with evidence which showed on the one side, from expert testimony, that Mr. Gleason was mentally afflicted. On the other side this was denied, and there was testimony that he was normal. His friends in the Newark Athletic Club said he was perfectly normal. Other people, called by his wife, testified that he was abnormal, especially some who had been business associates with him.
Be that as it may, I feel that on the testimony presented it was for the jury to decide, and I am not inclined to reverse a verdict of a jury of twenty-four men, because there is evidence to prove the contrary. It was the jury's province to decide. *Page 435 
Counsel has called my attention to the fact that the three commissioners filed a memorandum disagreeing with the verdict, and stating that, in their opinion, Mr. Gleason is insane. While this has some weight with the court in coming to a determination, it is not sufficient in the present case, in my opinion, to disturb the jury's verdict.
Affidavits have been offered by way of newly-discovered evidence. It appears that during the trial two employes of Gleason testified against him. Promptly after the verdict Mr. Gleason dismissed them from his service, but this does not indicate lunacy, to my mind.
I decline to set aside the verdict.
Vice-Chancellor Backes permits me to say that he agrees with these conclusions.